

Mr. Stanley S. Neustadt, Washington, D. C., with whom Mr. Leonard H. Marks, Washington, D. C., was on the brief, for appellant. Mr. Paul Dobin, Washington, D. C., also entered an appearance for appellant.

Mrs. Ruth Reel, Counsel, Federal Communications Commission, for appellee. Messrs. Max D. Paglin, Gen. Counsel, Federal Communications Commission, Daniel R. Ohlbaum, Asst. Gen. Counsel, Federal Communications Commission, and James T. Brennan, Jr., Counsel, Federal Communications Commission, were on the brief for appellee. Mr. Joel Rosenbloom, Counsel, Federal Communications Commission at the time the record was filed, also entered an appearance for appellee.

Mr. George S. Smith, Washington, D. C., with whom Mr. Edwin S. Nail, Washington, D. C., was on the brief, for intervenor, Beaumont Broadcasting Corp.

Messrs. William C. Koplovitz and William J. Dempsey, Washington, D. C., entered appearances for intervenor, W. P. Hobby.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

**THE ENTERPRISE COMPANY,**
**Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**W. P. Hobby, Beaumont Broadcasting Corporation, Intervenors.**

**No. 16099.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 9, 1961.

Decided July 7, 1961.

DANAHER, Circuit Judge.

Enterprise seeks review of the Commission's order released November 7, 1960, reaffirming its earlier award of a construction permit to Beaumont Broadcasting Corporation for a television station to operate on Channel 6 in Beaumont, Texas. Details of the case in its present posture will succinctly be outlined.

The Commission's decision of August 4, 1954, apprised the parties that Beaumont had prevailed after a comparative hearing among three applicants. Enterprise and KTRM petitioned for reconsideration, oral argument being set for December 21, 1954. On December 17, 1954, the Commission was advised of an agreement as a result of which KTRM withdrew its petition for reconsideration.[1] Beaumont then borrowed $55,000 from one Hobby, who had been interested in KTRM, and paid that money to KTRM to reimburse it for the sums expended by it in connection with the preparation and presentation of its application for a television construction permit. This court required the Commission to reexamine the comparative qualifications of the remaining parties on a reopened record which was to take account of all such circumstances.[2]

Thereafter the case again came here and was again remanded.[3] The court deemed the record inadequate especially since there had been no sufficient showing as to the nature of the consideration. It was made clear that the court was interested basically in whether or not the payment contravened the public interest or constituted an abuse of the Commission's processes. That the Commission was thus so apprised is apparent from its order remanding the case to its examiner for further hearing.

The hearing examiner and the Commission specifically found that KTRM's fair and reasonable out-of-pocket expenses aggregated a sum not less than $55,000; that the payment covered properly reimbursable expenses of KTRM; and that nothing in the transaction contravened the public interest or constituted an abuse of the Commission's processes.[4] We can not say that the findings and conclusions of the Commission are not supported by substantial evidence on the record as a whole. Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. Under such circumstances, we are bound to affirm.

Affirmed.

---

1. Various aspects of the arrangement were considered in Enterprise Company v. Federal Communications Com'n, 1955, 97 U.S.App.D.C. 374, 376, 377, 231 F.2d 708, 710, 711, certiorari denied 1956, 351 U.S. 920, 76 S.Ct. 711, 100 L.Ed. 1451.

2. Id. 97 U.S.App.D.C. at page 380, 231 F.2d at page 713.

3. Enterprise Co. v. F. C. C., 1959, 105 U.S.App.D.C. 119, 265 F.2d 103.

4. Cf. § 5(a), 74 Stat. 892 (1960), amending 47 U.S.C.A. § 311, which provides the applicable standards.