MINNIE B. BERKEY, Respondent, *v.* THIRD AVENUE RAILWAY COMPANY, Appellant.

CHARLES P. BERKEY, Respondent, *v.* THIRD AVENUE RAILWAY COMPANY, Appellant.

(Submitted February 21, 1927; decided March 1, 1927).

MOTION for reargument.   (See 244 N. Y. 84.)

CARDOZO, Ch. J.   The question in this case was whether the Third Avenue Railway Company had dominated the business of the Forty-second Street Railway Company in such a way and to such an extent that the liabilities of the subsidiary became the liabilities of the parent.

The prevailing opinion laid stress upon the fact that the control, if it existed, would violate section 54 of the Public Service Commissions Law (Cons. Laws, ch. 48), which prohibits an agreement between street railroad corporations for the use or operation by one of the franchise of the other.   The present motion challenges the application of the statute.   Acts were done by the parent with the concurrence of the subsidiary.   The effect to be ascribed to them determines liability.   The statute in its prohibitions assumes a contract or agreement.   The defendant, it is said, is liable apart from contract or agreement.   Direction by the parent and submission by its creature were adequate in the plaintiff's view to effect a change of operation; they were inadequate, though voluntary, to effect a contract or agreement within the meaning of the statute.

The acceptance of that conclusion would reduce the statute to futility.   The defendant, if it uses or operates its subsidiary's route, is either a coadventurer or a principal or at least a licensee.   Implicit in all these relations is a contract or agreement.   A coadventure or an agency or a license is not created *in invitum*.   Implicit in all, therefore, unless approved by the Commission, is a violation of the statute.   Illegality remains though the agreement is informal.   Illegality remains again, and

with it an offense against the policy of the law, though criminal prosecution may fail for lack of criminal intent. The statute would be of little worth if its prohibitions could be evaded by the substitution of a course of conduct for incriminating covenants.

We hold with the plaintiff that a parent corporation, operating legally or illegally the business of a subsidiary, assumes its liabilities or those growing out of what is done. The difficulty with the plaintiff's argument now as before is the failure to inform us what the act of operation means. There may be operation as a coadventurer or a principal or a licensee or even at times a trespasser. The defendant was none of these. If operation is to be inferred from a relation less specific, there must be some compelling public policy to be served by the extension. One cannot reconcile such a policy with the mandate of the statute (Public Service Commissions Law, § 54).

The motion should be denied, with ten dollars costs and necessary printing disbursements.

ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; POUND and CRANE, JJ., concur in result.

Motion denied, etc.