Vincent A. Lupiano, J.
The defendant Heit moves for dismissal of the complaint for legal insufficiency and for further relief pursuant to rules 90 and 103 of the Rules of Civil Practice; the defendants Gallery Service Corp. and Fisher move for relief pursuant to rule 103; and the defendant Chase Maintenance Corp. moves for relief pursuant to rules 106, 90 and 103.
The action is in negligence. Defendant Gallery is the owner of the taxicab whose careless operation by the defendant Fisher resulted, as alleged, in injury to the plaintiff. It is alleged that the taxicab was operated with the knowledge and consent and in the business of the defendants Gallery, Chase and Heit. If this is so, the fact that such operation was otherwise unlawful is of no legal consequence capable of defeating plaintiff’s claim. While the ownership of the taxicab is in the defendant Gallery, it is alleged that the defendant Gallery was owned and controlled by the defendant Chase, and that the latter was owned and controlled by the defendant Heit. Plaintiff endeavors to hold those defendants in on the theory of agency, and upon equitable principles. It is further alleged that Gallery is one of approximately 50 operating corporations thus owned and controlled by Chase, the leviable assets of each of such operating companies consisting only of two taxicabs. The purpose of such ostensible split ownership and operation is to limit the liability of the true owner; that the policies and business practices of Gallery are controlled by Chase, leaving Gallery bereft of will *92 or separate identity, and, as a department of the business of Chase, having no real corporate existence. In turn, the policies and business practices of Chase are controlled by Heit, with the result that Gallery is the instrumentality of Chase, and Gallery and Chase are the instrumentalities of Heit. The control thus held by Heit is used to operate the taxicab business through the many operating corporations, thus shielding Heit from effective liability for the negligent conduct of his agents and instrumentalities. Since the taxicab industry is vested with a public interest, and is one of considerable hazard, the attempt to subject injured persons to the inadequate assets, ostensibly the operating capital of any of the operating corporations, as alleged, works a fraud, injustice and unjust enrichment. Only a single cause of action is stated.
In Lowendahl v. Baltimore & Ohio R. R. Co. (247 App. Div. 144, 156, affd. 272 N. Y. 360) the court stated: “ ‘ But in every case in which a corporation has been held liable for the debt of another because of dominance or control through stock ownership or otherwise and not depending on principles of agency or estoppel, the reason was that to hold otherwise would result in a wrong for which the law must find a remedy. ’ ”
Plaintiff contends that here the defendant Gallery is the mere operating agent of the defendants Chase and Heit, and through which the business of Chase and Heit is being conducted. “ [A] parent corporation, operating legally or illegally the business of a subsidiary, assumes its liabilities or those growing out of what is done.” (Berkey v. Third Ave. Ry. Co., 244 N. Y. 602, 603.) The entrusting of two taxicabs to each of approximately 50 subsidiary corporations in the circumstances set forth in the complaint is sufficient to warrant maintenance of a suit rested on agency, domination and control of the business, policies and practices of the subsidiaries. In addition, “ The logical consistency of a juridical conception will indeed be sacrificed at times when the sacrifice is essential to the end that some accepted public policy may be defined or upheld. * * * At such times, unity is ascribed to parts which, at least for many purposes, retain an independent life, for the reason that only thus can we overcome a perversion of the privilege to do business in a corporate form.” (Berkey v. Third Ave. Ry. Co., 244 N. Y. 84, 95.)
When the operating assets of a corporation are honestly committed to it, no exception can be taken to the legal exemption from individual liability. When such assets are committed to the agency and operation of another and subsidiary corporation whose capital is inadequate, a different situation may arise. It is upon this basis that plaintiff seeks to hold in the defendant *93 Chase. The same principles applied to the allegations of the complaint do not warrant holding in the defendant Heit. Those allegations do not support a claim of agency or unjust enrichment as to him. To pursue the theories of recovery to that extent would destroy completely the efficacy of the corporate structure. Nothing contained in the complaint warrants such a result.
The motions are granted to the extent of dismissing the complaint for legal insufficiency as to the defendant Heit, and they are in all other respects denied.