Louis L. Friedman, J.
In an action brought by the plaintiff to recover for personal injuries sustained as a result of the *747 claimed negligence of the defendant, plaintiff moves for an examination before trial of all of the defendants on 21 separate and distinct items. Upon the argument of the motion, items numbered 15, 18 and 21 were consented to and those items of examination are accordingly granted. Defendant objects to an examination with respect to the remaining 18 items set forth in the notice of motion and since all of those items are with respect to a common question, they will be discussed as one.
On September 26, 1957, plaintiff was struck by a taxicab operated by the defendant Loebl. Investigation showed that this taxicab was registered with the Bureau of Motor Vehicles in the name of defendant Judy Cab Corp. After commencing the action against the registered owner and operator of the taxicab, plaintiff thereafter joined the defendants Wendy Cab Corp., Necha Cab Corp., Boda Cab Corp., Carien Cab Corp., and Anjou Service Corp. as additional parties defendant, alleging in her complaint that those latter corporations were also the owners and operators of the taxicab which caused plaintiff’s injuries. Defendant has denied these allegations of the complaint as to ownership and operation by the latter-named corporations, and plaintiff through this sought examination before trial, seeks to establish facts from which such ownership and operation may be determined.
Basically, what is involved here is whether plaintiff has the right to pierce the corporate veil with respect to the ownership and operation of the taxicabs operated by the taxicab industry in New York City and State. It is common knowledge that owners of large fleets of taxicabs, for the purpose of limiting the amount of a possible recovery with respect to any accident, have developed a method of continuing to operate those large fleets of many hundreds and perhaps a thousand taxicabs, and yet maintaining the ownership of such taxicabs in the fleet in the names of many corporations. It is also common knowledge that no more than three or perhaps four taxicabs are registered in the name of any one corporation, and plaintiff contends that although so registered, in truth and in fact it is the same entity which operates all of these taxicabs and that by reason thereof plaintiff is entitled to recover, if she is entitled to recover at all, against all of the corporate entities so joined together to operate this fleet of taxicabs.
Whether or not, upon the trial, plaintiff will be entitled to pierce this corporate veil is not pertinent to the issue now before the court. The present motion is merely for an examination before trial, so that plaintiff may have an opportunity to develop the claimed factual situation, and the court has come to the *748 conclusion that it may not say initially, that plaintiff should not even have the right to probe. If in fact, as plaintiff contends, all of the corporations together actually owned and operated this taxicab but, for convenience or to limit the possible liability or for any other reason best known to themselves, registered the vehicle in only one corporate name, then despite the fact that the real principals were undisclosed, their existence may be developed through examination before trial and the question of their liability submitted to the court upon a trial, for its determination. If such be the fact, then the testimony now sought is material and necessary in the prosecution of this action, and the examination under section 288 of the Civil Practice Act is allowed. (Wood v. American Locomotive Co., 246 App. Div. 376.)
The court recognizes that the corporate entity may not be lightly disregarded (Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, 154, affd. 272 N. Y. 360). It is only where there is “ a domination and control so complete that the corporation may be said to have no will, mind or existence of its own and to be operated as a mere department of the business of the stockholder (Berkey v. Third Ave. Ry. Co., 244 N. Y. 84) ” that the corporate veil may be pieced. But until plaintiff has had an opportunity to ascertain what the facts are, and to present such facts to the court, there will be no way in which a finding of complete domination and control may be made. The existence or nonexistence of this control is solely and peculiarly within the knowledge of the defendants and their officers.
In Mangan v. Terminal Transp. System (157 Misc. 627, affd. 247 App. Div. 853, motion for leave to appeal denied 272 N. Y. 676) liability was permitted on the part of a managing corporation which had succeeded to the ownership of certain taxicabs previously owned by a corporation in receivership. In that case there were four operating corporations as well as a holding company, and the proof showed that this operating corporation was used by each of the other corporations as the means for executing their service contracts and, in so doing, assuming full control of each and every detail of the operations of all of the companies, the hiring, directing and regulating of their drivers, the supervision and control of their actions on the streets, the bookkeeping and accounting for all of them, the receipt of their daily reports and income, the preparation and issuance of checks for the payroll, the maintenance of a common claim and legal department for all of them, the sale of all parts and services as well as the maintenance of a central repair garage, and the mechanics who kept the fleet of taxicabs in good operating con *749 dition. In the light of the decision in the Mangan case (supra) it is without question that plaintiff is entitled to an examination before trial in order to ascertain whether similar circumstances exist with respect to the defendants in this action. (See, also, Steele v. Meaker & Co., 131 Misc. 675, 677, affd. 226 App. Div. 717.)
In a wrongful death action brought against a parent corporation, our courts have held that a jury question was presented as to whether this parent corporation managed and controlled the subsidiary corporation which was actually engaged in the work which resulted in the death, and pointed out that the relationship and activities of the corporations were factors to be considered in determining- the parent corporation’s liability. (Geletucha v. 222 Delaware Corp. 7 A D 2d 315.)
In Teller v. Clear Serv. Co. (9 Misc 2d 495), where a fleet of taxicabs owned by 150 separate corporations were operated by the same actual owners, the court held that the corporate veil might be pierced and the true owners reached. In United States v. Reading Co. (253 U. S. 26, 62) the court pointed out that one company might be held responsible for the actions of another under the theory of agency. A similar conclusion was arrived at in Darling & Co. v. Bowman-Biltmore Hotels Corp. (265 N. Y. 622).
Registered ownership is not necessarily determinative or conclusive of the real ownership, but merely a presumption which may be rebutted. (Gerard v. Simpson, 252 App. Div. 340, motion on leave to appeal denied 276 N. Y. 687; Robinson v. Chase Manhattan Corp., 20 Misc 2d 90; see, also, Oleck, Modern Corporation Law [vols. 1, 3] et passim [1959]; and Oleck, Debtor-Creditor Law [1959 Supp.].)
A corporation which was formed and completely dominated by individuals in connection with the conduct of their active partnership business, without assets of any kind, was found to be at most a selling agent for the partnership and did not insulate the individuals from personal liability as principals in an action brought upon a trade acceptance made by the corporation and signed by one of the partners. (Majestic Factors Corp. v. Latino, 15 Misc 2d, 329.)
Similar determinations piercing the corporate veil have been made in P. S. & A. Realties v. Lodge Gate Forest (205 Misc. 245); Luckenbach S. S. Co. v. Grace & Co. (276 F. 676, cert, denied 254 U. S. 644).
Under all of the circumstances, the motion made by the plaintiff is granted as prayed for in the notice of motion. Settle order on notice.