■ GEORGE F. SIMON, Respondent, v. ANDREW E. BARBERIS, SR., et al., Respondents, and WILLIAM BLUM, Appellant. (Action No. 1.) BARBARA INGBER et al., Respondents, v. WILLIAM BLUM, Appellant, and ANDREW E. BARBERIS, JR., et al., Respondents. (Action No. 2.) ANDREW E. BARBERIS, JR., an Infant, by His Guardian ad Litem, ANDREW E. BARBERIS, SR., et al., Respondents, v. WILLIAM BLUM, Appellant. (Action No. 3.) — Motion by respondents in Action No. 3 for leave to appeal to the Court of Appeals from the order of this court, denied. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ CARL ABRUZZO, an Infant, by CHARLES ABRUZZO, His Guardian ad Litem, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action by the infant plaintiff to recover damages for personal injuries sustained by him when he slipped and fell in the aisle of a public high school auditorium, and by his father to recover damages for the consequent medical expenses, defendant appeals from a judgment of the Supreme Court, Queens County, entered October 22, 1959, in favor of the plaintiffs, on the verdict of a jury after trial. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. After comparing the versions of the accident as given by the infant plaintiff shortly after and some time after the accident with his belated version at the trial, and after examining the entire record, it is our opinion that the verdict is contrary to the weight of the credible evidence (see, e.g., *Cavadi* v. *New York City Tr. Auth.*, 7 A D 2d 299; *Zaulich* v. *Thompkins Sq. Co.*, 10 A D 2d 492; *Goldstein* v. *Lentino Constr. Corp.*, 8 A D 2d 274). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ BENNEL CO., INC., Appellant, v. ADOLF SIMONS, Respondent.— In an action to recover upon defendant's written guarantee of payment of the price of goods sold by plaintiff to a third party, in reliance upon such guarantee, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, dated April 13, 1960, as denied its motion for summary judgment striking out defendant's answer. Order insofar as appealed from affirmed, with $10 costs and disbursements. In our opinion the record presents issues of fact as to whether defendant intended that the guarantee should be for the benefit of plaintiff. Such issues should be determined after trial. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ MARGARET BOYLE, Respondent, v. JUDY CAB CORP. et al., Defendants, and WENDY CAB CORP. et al., Appellants.— In an action to recover damages for personal injuries, the four cab corporate defendants, other than Judy Cab Corp., appeal from an order of the Supreme Court, Kings County, dated June 20, 1960, granting plaintiff's motion to examine before trial the five cab corporations. The appeal is from the entire order except that the Boda and Carlen corporations do not appeal as to Items 15, 18 and 21 in the order. Order modified by striking out as to the four appellants all of the items set forth therein, except: (a) Item 5, but this item is limited to the date of the alleged accident and a period of one year immediately prior thereto; (b) Item 9, but this item is limited to a period of one year immediately preceding the date of the alleged accident; and (c) Items 15, 16, 18 and 21; and by striking out as to appellants the last decretal paragraph directing the production of books, records and papers. As so modified, the order, insofar as appealed from, is affirmed, without costs. In our opinion, the items eliminated are not relevant and material to the issues raised by the pleadings (cf. *Mangan* v. *Terminal Transp. System*, 157 Misc. 627, affd. 247 App. Div. 853, motion for leave to appeal denied 272 N. Y. 676; *Geletucha* v. *222 Delaware Corp.*, 7 A D 2d 315). The examination shall proceed on 10 days' written notice or on any other date mutually fixed by the parties. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur. [24 Misc 2d 746.]