JOHN WALKOVSZKY, Appellant, v. WILLIAM CARLTON, Respondent, et al., Defendants.— In an action to recover damages for personal injury, the plaintiff appeals from an order of the Supreme Court, Richmond County, entered March 13, 1964, which granted the defendant Carlton's motion to dismiss the complaint as to him on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7). Order reversed, with $10 costs and disbursements, and motion denied. The time of the defendant Carlton to serve his answer is extended until 20 days after service of a copy of the order entered hereon. The complaint alleges that plaintiff was struck by a taxicab which was registered in the name of defendant Seon Cab Corp. The action is not only against that defendant and the driver of the taxicab, but also: (a) against nine other corporations in whose names other taxicabs were registered (the Seon Cab Corp. and each of said nine corporations having the registration for respective sets of two taxicabs); and (b) against two additional corporations and three individuals. The complaint further alleges that, despite these registrations, all the defendants own all the taxicabs and maintain and operate them "as a single network and enterprise". Liability is sought to be imposed upon all the defendants on the theory that all of them owned the taxicab which was involved in the accident, i.e., that the corporate veil of Seon Cab Corp. should be pierced. In support of this claim, the complaint further alleges: (1) that Seon Cab Corp. and the said group of nine corporations were "organized, managed, dominated and controlled as the alter egos and creatures" of the three individual defendants, "who were the stockholders, directors and officers" of all the corporate defendants; (2) that all the employees of the corporations, including the one who was driving the taxicab in question at the time of the accident, "were the employees of all the defendants"; (3) that all these employees "were assigned interchangeably" to the corporations " by the defendants" and were centrally supervised; (4) that "the receipts, disbursements,

assets and properties of the said corporations were interchanged and inter-mingled by the defendants as their own"; (5) that all the corporations "pur-chased centrally all supplies, automobile parts, oil, gas and tires"; (6) that all the taxicabs were garaged centrally; (7) that "all other operations and proper-ties of all the said corporations were operated, controlled, managed and main-tained as a single entity, unit and enterprise by the defendants"; and (8) that funds borrowed by the corporations (on notes which were personally indorsed by the individual defendants) "were used centrally to purchase taxicabs and otherwise maintain and operate the taxicab fleet as an entity and economic unit." The complaint also asserts claims to the effect that the creation of the corporations and the use of the corporations in the manner above outlined constituted a fraud on the public, including plaintiff, in that injured persons would not be able to recover the full amount of damages sustained by them; that the corporations were "mere shams and fictions, the instruments and agents of the defendants"; and that Seon Cab Corp. and the said group of nine cor-porations did not have sufficient capital to act as the registered owners of the taxicabs. There are still further allegations that the registration of the respec-tive sets of two taxicabs in the names of each of 10 corporations constituted a breach of Regulations of the Police Department of the City of New York. In our opinion, despite the existence of the separate corporations and the division of the registration of the 20 taxicabs among the 10 corporations, the complaint sufficiently alleges that the entire business in question was in reality a single enterprise operated by a single entity, and that any acts of any of the cor-porations were committed by the actor as an agent for all the other defendants. Accordingly, the complaint is valid as against the individual defendant Carlton (*Consolidated Rock Co.* v. *Du Bois*, 312 U. S. 510, 524; *Anderson* v. *Abbott*, 321 U. S. 349, 362–366; *Rapid Trans. Subway Constr. Co.* v. *City of N. Y.*, 259 N. Y. 472, 488–489; *Berkey* v. *Third Ave. Ry. Co.*, 244 N. Y. 84, rearg. den. 244 N. Y. 602; *Mangan* v. *Terminal Transp. System*, 157 Misc 627, affd. 247 App. Div. 853, mot. for lv. to app. den. 272 N. Y. 676; *Robinson* v. *Chase Maintenance Corp.*, 20 Misc 2d 90; *Saddler* v. *Ackerman*, N. Y. L. J., Dec. 15, 1959, p. 15, col. 5, rearg. den. N. Y. L. J., Jan. 22, 1960, p. 14, col. 6; *Mull* v. *Colt Co.*, 31 F. R. D. 154; see, also, *Tracy* v. *A. B. C. Cab Corp.*, 13 A D 2d 785; *McNamara* v. *Bob-Net Transp. Corp.*, 13 A D 2d 536; *Boyle* v. *Judy Cab Corp.*, 24 Misc 2d 746, mod. 12 A D 2d 797; *Teller* v. *Clear Serv. Co.*, 9 Misc 2d 495). Christ, Acting P. J., Hill, Hopkins and Benjamin, JJ., concur; Rabin, J., dissents and votes to affirm the order, with the following memorandum: Analysis of the complaint reveals that the plaintiff is, in reality, seeking to hold liable as a single economic entity the entire taxicab operation here involved. The complaint alleges that the taxicab involved in the accident was owned by Seon Cab Corp.; that the defendant corporation, Singer and Carlton, Inc., was negligent in failing to properly perform its contract to inspect, repair and maintain the said taxicab; that the employees of the *corporate* defendants were assigned interchangeably to the various *corporations*; that the receipts, disburse-ments, assets and properties of the *corporations* were interchanged and inter-mingled by the "defendants" as their own; that the *corporations* purchased centrally all supplies, automobile parts, etc.; that all employees were supervised centrally and used interchangeably; that the taxicabs registered in the names of the *corporations* were garaged centrally; that all other operations and properties of the *corporations* were operated, controlled, managed and main-tained as a single entity, unit and enterprise by the defendants; that the *corporations* were created, operated, maintained and manipulated by the "defendants" for the purpose of defrauding all persons injured by taxicabs;

that none of the *corporations* had a separate existence of its own; that the method of operation of the *corporations* constituted a breach of hack owners regulations; and that the *corporations* were inadequately capitalized. The only allegations upon which liability could be predicated against the individual defendants are that the *corporations* were " organized, managed, dominated and controlled " by these defendants and that the *corporations* were the " instrument and agents " of the defendants. However, the other allegations of the complaint clearly demonstrate that it is actually the interplay between the several *corporations* which is the basis upon which the plaintiff seeks to impose personal liability upon the individual defendants. In my opinion, the bald allegations that the creation of the *corporations* and the use of the *corporations* in the manner set forth in the complaint constituted a fraud on the public, including plaintiff, in that injured persons would not be able to recover the full amount of damages sustained by them and that the *corporations* were " shams and fictions, the instruments and agents of the defendants " do not state a cause of action against the individual defendant Carlton. The allegations of the complaint, when read in their entirety, negate any present claim that the individual defendants were, in fact, carrying on their business as individuals rather than in the corporate form. These allegations show that they utilize one corporation or another, but that they never held themselves out to the public as doing business individually. It is my opinion that in this negligence action there is no basis, under the present law, for " piercing the corporate veil " so as to impose personal liability upon the individual defendants by reason of a possible future liability to plaintiff which may or may not come into being (cf. *Mull* v. *Colt Co.,* 178 F. Supp. 720, app. dsmd. *sub nom.; Mull* v. *Ackerman,* 279 F. 2d 25). As stated by the learned Justice at Special Term: " the law permits the incorporation of a business or enterprise for the very purpose of avoiding personal liability of its officers and stockholders." While understandably the plaintiff may desire to enlarge the financial ability of the corporate defendants to pay any judgment which he *might* subsequently obtain in this negligence action, against any one or more of them, he cannot achieve such purpose by disregarding established legal corporate entities, especially in advance of the recovery of such a judgment establishing the legal liability of *any one* of the corporations for the personal injury sustained by him. Analysis of the cases cited by the majority will disclose that they rest on a distinctly equitable doctrine. In essence the doctrine may be stated substantially as follows: That the corporate " veil " may be swept aside and another defendant held liable only if, at the very inception of the controversy or of the act which gave rise to the liability, the corporate " veil " had been utilized by such defendant in order to defraud the plaintiff and to insulate himself from judgment by reason of the fraud. Here, however, there never was any fraud or deception practiced *at any time* upon the plaintiff by any of the individual defendants now sought to be held. Until plaintiff was struck by the cab registered in the name of the defendant Seon Cab Corp., he was a total stranger to all the defendants;. they had made no representation to him of any kind either as to their methods of operation or as to their financial responsibility, other than the implied representation by the registered owner that it had complied with the requirements of the law as to its financial responsibility. That the latter representation is true is undisputed. Indeed, it is primarily because of its truth that the plaintiff is now endeavoring to reach out and to hold the individual defendants liable for the plaintiff's possible or potential future judgment against the registered owner — a judgment which plaintiff now assumes, without basis in fact, will be in excess of such owner's *total* financial respon-

sibility. Synthesizing plaintiff's various allegations and charges, they come down to this: The corporate defendants, which are managed and controlled by the individual defendants, have combined and integrated their assets, personnel and operations so as to achieve economic and business unity. While the corporations retain their separate identities, they operate their businesses jointly to their mutual advantage. Under the circumstances, since plaintiff cannot possibly claim that he was defrauded or misled in the slightest degree by any representation made by any of the individual defendants with respect to the methods of operation or the financial responsibility either of the corporate defendant which was the registered owner of the cab or of the other defendant corporations, the plaintiff has no legal basis or equitable justification for "piercing the corporate veil" of any of the corporations in order to impose liability upon the individual defendants. Plaintiff, in effect, is seizing upon the individual defendants' lawful utilization of the corporate structure and upon their business enterprise in achieving economy and efficiency in the corporate defendants' total operations, as reasons for holding the individual defendants liable. This, plaintiff cannot do. In my opinion, the cases cited by the majority sanction no such cause of action as against the individual defendants who are alleged merely to have managed or controlled the various corporations. It follows that as against the individual defendant now before us, the complaint is palpably insufficient; it should be dismissed as matter of law. As to him, a trial would serve no useful purpose.