■ JACK BACK et al., Respondents, v NURO TRANS. CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered November 7, 1977, granting plaintiffs' motion pursuant to CPLR 3101 (subd [a], par [4]) to the extent, *inter alia,* of permitting oral examination of defendant Nuro Trans. Corp. with respect to its relationship with specified nonparties, unanimously modified, on the law and on the facts, to strike Items Nos. (3) and (4) of the first decretal paragraph and the entire second decretal paragraph of the order. Except, as modified, the order, to the extent appealed from, is affirmed, without costs or disbursements. Plaintiffs were passengers in a taxicab owned by defendant Nuro, and operated by defendant Brody, which was involved in an accident with another automobile owned and operated by defendant Melvin. Plaintiffs sustained personal injuries and moved to orally depose defendants. Special Term held that plaintiffs could examine Nuro about the facts of the case, insurance, assets, and its relationship to other interlocking corporations. Considering the limited issues raised by the pleadings, the joined parties, and the lack of particularized statements as to the alleged interlocking relationships, it would appear that the court exercised an overbroad discretion in directing examination of defendant Nuro, five other unjoined corporations and two individuals. The plaintiffs seek to pierce the corporate veil and "the courts will disregard the corporate form, or, to use accepted terminology, 'pierce the corporate veil', whenever necessary 'to prevent fraud or to achieve equity'. (*International Aircraft Trading Co., v. Manufacturers Trust Co.,* 297 N. Y. 285, 292". (*Walkovszky v Carlton,* 18 NY2d 414, 417.) Plaintiffs make no such claims. In attempting to ascertain the liability of the person or corporations to the plaintiffs here, plaintiffs place great reliance upon, and consider "precisely" in point the matter of *Boyle v Judy Cab Corp.* (12 AD2d 797). *Boyle* effectively explores the corporate veil concept with respect to the ownership and operation of taxicabs operated by the taxicab industry in New York City and New York State; however, to make a distinction, *Boyle* dealt with the examination of parties to the action while in the instant case plaintiffs seek to examine nonparties. Although CPLR 3101 (subd [a]) permits examination of a party, the court must determine that there are adequate special circumstances warranting examination of any other person (CPLR 3101, subd [a], par [4]). There was no showing of special circumstances. Plaintiffs' avowed purpose is "to establish true ownership", and such a showing of special circumstances is unnecessary when the corporate defendant admits ownership of the taxicab involved. The court at Special Term was somewhat premature in directing discovery of the assets of defendant Nuro. CPLR 5223 is clear that disclosure of "all matter relevant to the satisfaction of the judgment" is permitted before a judgment is satisfied or vacated. Here the parties are merely engaged in pretrial maneuvers; there has been no trial and no judgment. Concur—Lupiano, J. P., Silverman, Evans, Lane and Sandler, JJ.