In the Matter of the Application of WILLIAM FAGAL, Commissioner of Public Welfare of the City of Schenectady, N. Y., for the Support and Maintenance of ELSIE REGER, Pursuant to Section 125 of the Public Welfare Law, Petitioner, Respondent, against JOHN REGER, Appellant.—Appeal from a final order of the Schenectady County Court adjudging that appellant should contribute the sum of seven dollars per week for the support of his daughter, pursuant to the provisions of section 125 of the Public Welfare Law and sections 914 *et seq.* of the Code of Criminal Procedure. Appellant's daughter, for whom he is required to provide, is twenty-seven years of age. She suffered from a stroke of infantile paralysis when two and one-half years of age. Since that time she has been badly crippled and unable to support herself. She made application to the proper authority of the city of Schenectady, her place of residence, for public relief. The daughter resides with her mother, who cares for her. The appellant has contributed nothing to the support of the daughter for more than four years prior to her application for relief. It is conceded that appellant is financially able to pay the amount directed. His contention is that he is entitled to compel the daughter to reside with him. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

THOMAS J. MANGAN, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant. C. EVERTS MANGAN, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant. RICHARD T. QUINN, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant. SUSANNE O. RICE, Respondent, v. TERMINAL TRANSPORTATION SYSTEM, INC., Appellant.—Appeals from judgments in favor of the respective plaintiffs against the defendant entered in Broome county clerk's office upon verdicts directed by the court at a Trial Term of the Supreme Court, and from orders denying motions for a new trial. The actions are in negligence. Plaintiff C. Everts Mangan was the driver of a car owned by Thomas J. Mangan, in which the other plaintiffs were passengers. The car was proceeding easterly along Forty-eighth street, a one-way street in New York city, and while thus proceeding across Second avenue a taxicab which had been standing at the south curb of Forty-eighth street started suddenly in front of plaintiff's car, and, in order to avoid a collision, plaintiff's car was swerved to the left, striking an iron pillar supporting the elevated railway at that place. The taxicab bore the name "Terminal" and underneath this name was an emblem or insignia consisting of a shield with gold wings at the top of the shield. It appears that there are four taxicab corporations in the city which are managed by the defendant, and all the taxicabs of these four corporations bear the same emblem or insignia, including the name "Terminal." The defendant has concessions from various railway and steamship lines under which it has the privilege and is required to furnish taxicab service therefor. The court below held that the four operating corporations were the agents and instrumentalities through which the defendant carried on its business, that their operation was controlled by the defendant and that it is liable for the negligence of the driver of the cab involved. Judgments and orders unanimously affirmed, with costs in one action. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ. [157 Misc. 627.]