MARION GERARD, Respondent, *v.* RAYMOND C. SIMPSON and Another, Defendants, and HUDSON TRANSIT CORPORATION, Appellant.

WALTER O. GERARD, Respondent, *v.* RAYMOND C. SIMPSON and Another, Defendants, and HUDSON TRANSIT CORPORATION, Appellant.

Second Department, November 5, 1937.

*I. Maurice Wormser* [*Raphael A. Egan* and *Philip A. Paulson* with him on the brief], for the appellant.

*John R. Vunk* [*George H. Carleton* and *Harold Ashare* with him on the brief], for the respondents.

ADEL, J. Plaintiff Marion Gerard was a passenger in an automobile, owned and operated by one Robertson, on the public highway known as route 17, from Goshen to Middletown, on October 27, 1934. There was a collision between the car and a bus at about nine-forty-five A. M., said plaintiff sustaining severe injuries. She has obtained a judgment in a substantial sum on the verdict of a jury, and her husband has been successful in his action.

The judgments were recovered against three defendants: Raymond C. Simpson (chauffeur of the bus), Sullivan Transit Corporation and Hudson Transit Corporation. The latter corporation was held liable by reason of its control of the Sullivan Transit Corporation. The proof shows that the Sullivan Transit Corporation was the owner of the bus involved in the accident and was also the owner of the franchise or certificate of public convenience and necessity issued by the Public Service Commission for the operation of the bus line over the route where the accident happened. Its name was painted on the side of the bus.

The Hudson and Sullivan corporations were separate and distinct entities. They had separate bank accounts, kept separate books, made independent income tax returns, public service reports and franchise tax reports. The Hudson corporation was organized in 1922 and the Sullivan corporation was formed in 1928. The directors of the Hudson corporation desired to issue and sell stock, but this never materialized. The Hudson corporation reported that it owned a fifty-one per cent interest in the Sullivan corporation. Dominick, a lawyer, was the moving spirit in both companies, and the two corporations had their offices in his office at Newburgh. This was the situation when, in September, 1933, as shown by the minutes of the meeting of the stockholders and directors of the Sullivan corporation, a resolution was adopted authorizing Dominick, the treasurer, to prepare the necessary papers for the transfer of the certificate held by the Sullivan corporation to the Hudson corporation, also a bill of sale for the same, for the consideration of one dollar. No taxes were paid by the Sullivan corporation to the State for the bus license in 1934, the year of the accident. The Sullivan corporation reported that it had no accident in 1934, and the Hudson corporation reported that for the same year it had thirty-eight accidents.

By joint petition the two corporations petitioned the Public Service Commission for leave to transfer the certificates held by the Sullivan corporation to the Hudson corporation. The petition shows that the request is made because the Hudson corporation for some time past has been operating on the lines for and on behalf of the Sullivan corporation. Dominick testified before the

Public Service Commission that for two years the Hudson corporation had furnished the equipment for the operation over the line upon which the accident happened. This testimony was given in March, 1935, about five months after the accident, and somewhat more than two years after the adoption of the resolution by the Sullivan corporation in 1933. He also testified that no transfer of equipment was involved, since buses of the Hudson corporation had been loaned to the Sullivan corporation for two years last past. A letter of the Sullivan corporation and a petition by the same corporation to the Public Service Commission (Plaintiffs' Exhibits 40 and 44) show that the Sullivan corporation considered the resolution adopted at the meeting of the stockholders and directors of that corporation in September, 1933, as an operation agreement between the two corporations, whereby the Hudson corporation, from then on, operated the line in question for the Sullivan corporation.

All of this evidence, together with the other evidence in the case, raised a question of fact for the jury to determine in respect to the ownership, operation and control of the bus involved in the accident, especially under the provisions of the Vehicle and Traffic Law.

The issue of ownership, operation and control of the bus and of the franchise route was a question of fact for the jury to determine. (*Piwowarski* v. *Cornwell*, 273 N. Y. 226; *Locasto* v. *Manning, Bowman & Co.*, 251 App. Div. 21.) Registration of the bus is not conclusive evidence of ownership. It merely raises a presumption of ownership, which can be rebutted. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Stambler* v. *Walsh*, 219 App. Div. 732.) Upon these facts the jury was justified in finding for the plaintiff against all three defendants.

Defendant Hudson corporation urges that the decision in *Berkey* v. *Third Avenue Railway Co.* (244 N. Y. 84) is determinative of the question here involved. There the court was concerned with the operation of a street railway company operating another railroad on a route different from that provided for in its franchise. The Vehicle and Traffic Law was not involved in that case.

I have examined the other questions raised by the appellant on this appeal. The liability of the three defendants was determined by the jury from the evidence on a charge in which I am unable to find error calling for reversal. The verdicts are not excessive.

In each case, the judgment and order should be affirmed, with costs.

Present — HAGARTY, CARSWELL, DAVIS, ADEL and TAYLOR, JJ.

Judgments and orders unanimously affirmed, with costs.