Leon WYSZATYCKI, d/b as Greater Erie Broadcasting Company, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

WKBW–TV, Inc., a New York corporation, Intervenor.

No. 14651.

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1959.

Decided May 26, 1959.

---

Mr. Mitchell S. Cutler, Washington, D. C., with whom Messrs. Vincent B. Welch and Fred J. Eden, Jr., Washington, D. C., were on the brief, for appellant.

Mr. John H. Conlin, Counsel, F. C. C., with whom Messrs. John L. Fitzgerald, Gen. Counsel, F. C. C., and Max D. Paglin, Asst. Gen. Counsel, F. C. C., were on the brief, for appellee. Messrs. Richard A. Solomon, Asst. Gen. Counsel, F. C. C. at the time the record was filed, and Mark E. Fields, Counsel, F. C. C. at the time the record was filed, also entered appearances for appellee.

Mr. Jack P. Blume, New York City, for intervenor. Mr. Peter Shuebruk, New York City, also entered an appearance for intervenor.

Before WASHINGTON, DANAHER, and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, Leon Wyszatycki, doing business as Greater Erie Broadcasting Company (Greater Erie), Great Lakes Television, Inc. (Great Lakes) and intervenor, herein WKBW, filed mutually exclusive applications to construct and operate a television station on Channel 7 in Buffalo, New York. The Commission decided in favor of WKBW. Great Lakes is no longer a party, but Greater Erie here charges error in that after the Initial Decision, the Commission allowed amendments by WKBW (1) to demonstrate its continued financial capacity and (2) to modify its engineering proposal. Greater Erie further attacks, as unsupported by substantial evidence, the Commission's findings and conclusions as to the appellant's lack of reliability.

The record was closed on July 28, 1955. In the Examiner's Initial Decision released on February 1, 1956, favoring

Great Lakes, it was found that WKBW had established its financial qualifications. This finding, in part, stemmed from a showing that a Buffalo bank had agreed to lend WKBW $200,000, contingent upon its obtaining a network affiliation not later than September 29, 1956. Exceptions were filed, but oral argument was not heard until September 24, 1956. The Commission on its own motion accordingly ordered the record reopened and remanded the case to the Examiner expressly to permit all parties the right of cross examination of WKBW's witnesses and to offer evidence as to the status of the pending bank loan.[1] The Examiner again found, as did the Commission later, that the bank loan of $200,-000 was still available to WKBW whether it had a network affiliation or not. Involved, of course, was simply the question of adequate financing of WKBW. It would seem that the Commission reasonably concluded that a loan without restriction and not subject to a contingency was at least equivalent to a loan which previously had been limited.

Before the filing of applications in this case the Commission had held that coverage would not be an issue in comparative hearings for television construction permits. Appellant sought enlargement of the issues to include comparative coverage, but its petition was denied. Thus, as the case went forward before the Examiner in the state of the law then governing, competing technical proposals were not in issue. Over a year after the hearing record had been closed and some seven months after the Initial Decision was released, this court on September 6, 1956, handed down its decision in Hall v. Federal Communications Commission, 1956, 99 U.S.App.D.C. 86, 237 F.2d 567. There we held that the Commission is required to consider proffered evidence of coverage based on the Commission's propagation curves. Accordingly, in the light of the Hall case and because of the fundamental change in the Commission's hearing procedures thereby required, the Commission on its own motion remanded the case to the Examiner for further hearings and for a supplemental Initial Decision on specific coverage issues.[2] All parties were free to amend their engineering proposals but intervenor alone did so. The Examiner on May 8, 1958, released a supplement to the Initial Decision and concluded that there was no significant difference among the engineering proposals of the parties, and the Commission later so found.

The Commission issued its orders of remand with reference to the intervenor's financial qualifications and engineering proposals as required for good cause shown.[3] There is no claim that any party

---

1. WKBW had asked the Commission either to limit itself to the Examiner's finding that WKBW was financially qualified or that it be permitted to file an affidavit to demonstrate that a network affiliation was no longer a condition precedent to the loan. The Commission ruled, "The form of the relief requested by WKBW-TV, however, would deny the other parties the right to cross-examine the witnesses presented to prove the present status of its bank loan or to offer evidence in rebuttal and, consequently, consideration of the affidavits submitted by WKBW-TV as requested must be denied. Nevertheless, WKBW-TV equitably should be afforded an opportunity to show the present availability of the loan in question."

2. After pointing out that there had been no adjudication of the comparative merits of the engineering proposals of the applicants, the Commission's order read: "We do not have here an applicant attempting to cure a deficiency exposed by the hearing process. Rather we have an applicant, which after being advised that engineering proposals were to be given comparative consideration, seeks the same opporunity to amend that he would have had if that knowledge had been available to him at the start of the hearing. We believe that good cause exists for permitting WKBW-TV to amend that portion of its application relating to its engineering proposals."

3. 47 C.F.R. § 1.701 (1949) reads:
   "The rules and regulations of the Commission may be suspended, revoked, modified, amended, or supplemented, in whole or in part, at any time by the Commission, subject to the provisions of the Administrative Procedure Act. Any provision of the rules may be waived by the

was denied a full and fair opportunity to make a record on either point. There is no suggestion by the appellant that there was error in the conduct of the protracted hearings. Appellant insists only that the Commission could not lawfully remand the case to the Examiner, once his Initial Decision had been released. It is argued, in effect, that the Commission is the prisoner of its own rule.[4] We disagree.

■ Contrary to appellant's argument, we are satisfied that under the circumstances described, the Commission was duty bound to require that the record be reopened to consider changes in the status of the parties. We said as much in Enterprise Company v. Federal Communications Commission, 105 U.S.App.D.C. ——, 265 F.2d 103; see also, Enterprise Company v. Federal Communications Commission, 1955, 97 U.S.App.D.C. 374, 231 F.2d 708. With the lapse of time pending the Commission's hearing of argument on the exceptions in September, 1956, the contingency upon which the bank loan depended was about to expire. The Commission simply directed a full inquiry on the point. In the reopened hearing it was developed that the bank which had insisted upon a network affiliation by September 1956, was willing to forego the original limitation. Thus the Commission found that WKBW was dealing with the same bank, for the same loan in the same amount, so that the previously approved financial qualifications of the intervenor continued. Appellant suffered no detriment whatever on that account. Again, while the hearing was in progress, a decision of this

court prescribed the law to govern Commission proceedings in the future. The Commission thereupon decided it was no more than equitable and just that all parties be given, as indeed they were, an opportunity to amend their respective engineering proposals. We think the Commission properly found that the further hearings in these two challenged respects were necessitated, and that the amendments were correctly allowed. In no other way could there have been an adequate record before the Commission on the points mentioned.

■ The Commission found that WKBW was "equal or superior to one or both of the other applicants in virtually all areas of comparison." Examination of the record discloses that the Commission's conclusion is not lacking in substantial support on the record as a whole.

■ As to the remaining issue of appellant's lack of reliability, perhaps the less said, the better. Specifically to record here the detailed instances of appellant's varied deficiencies would add nothing to his future standing. It is sufficient for us, after study of an adequate record, to note our agreement with the Commission's amply supported observation: "[W]hile none of the foregoing violations are sufficiently serious as to disqualify [appellant] * * * as a licensee, they do raise a question as to his reliability and attitude toward assumption of the duties and obligations going with the privileges granted, and his application must suffer when compared to the other applicants in this proceeding, who have not been shown to be

Commission, if good cause therefor exists." Cf. 47 C.F.R. § 1.15 (1958), particularly that sentence reading: "Any provision of the rules may be waived by the Commission on its own motion or on petition if good cause therefor is shown."

4. 47 C.F.R. § 1.365(a) (1949) provides for amendment of an application as a matter of right prior to designation for hearing; for amendment after designation for hearing upon petition served upon all parties of record, to "be granted for good cause shown"; but such a pe-

tition to amend will not "be accepted * * * if it is filed after public notice has been given of the issuance of a proposed decision * * *." When this section was revised, effective February 3, 1958, the last quoted clause was deleted. 47 C.F.R. § 1.311(b) (1958) provides only that "requests to amend an application after it has been designated for hearing * * * will be granted only for good cause shown." Here, the Examiner, upon remand, was directed after supplemental hearings to file a proposed supplemental Initial Decision.

**680**

guilty of such practices." That the Commission decided not to find appellant disqualified as it considered aspects of his character, background and training was a matter not for us but for Commission discretion.[5]

We find no merit in the appellant's contentions.

Affirmed.

5. Cf. Federal Communications Commission v. WOKO, 1946, 329 U.S. 223, 229, 67 S.Ct. 213, 91 L.Ed. 204.