Fuld, J.
This case involves what appears to be a rather common practice in the taxicab industry of vesting the ownership of a taxi fleet in many corporations, each owning only one or two cabs.
The complaint alleges that the plaintiff was severely injured four years ago in New York City when he was run down by a taxicab owned by the defendant Seon Cab Corporation and negligently operated at the time by the defendant Márchese. The individual defendant, Carlton, is claimed to be a stockholder of 10 corporations, including Seon, each of which has but two cabs registered in its name, and it is implied that only the minimum automobile liability insurance required by law (in the amount of $10,000) is carried on any one cab. Although seemingly independent of one another, these corporations are alleged to be “ operated * * * as a single entity, unit and enterprise ” with regard to financing, supplies, repairs, employees and garaging, and all are named as defendants.[1] The plaintiff asserts that he is also entitled to hold their stockholders personally liable for the damages sought because the multiple corporate structure constitutes an unlawful attempt “ to defraud members of the general public” who might be injured by the cabs.
*417 The defendant Carlton has moved, pursuant to CPLR 3211 (a)7, to dismiss the complaint on the ground that as to him it “ fails to state a cause of action The court at Special Term granted the motion but the Appellate Division, by a divided vote, reversed, holding that a valid cause of action was sufficiently stated. The defendant Carlton appeals to us, from the nonfinal order, by leave of the Appellate Division on a certified question.
The law permits the incorporation of a business for the very purpose of enabling its proprietors to escape personal liability (see, e.g., Bartle v. Home Owners Co-op., 309 N. Y. 103, 106) but, manifestly, the privilege is not without its limits. Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, “pierce the corporate veil”, whenever necessary “to prevent fraud or to achieve equity”. (International Aircraft Trading Co. v. Manufacturers Trust Co., 297 N. Y. 285, 292.) In determining whether liability should be extended to reach assets beyond those belonging to the corporation, we are guided, as Judge Cardozo noted, by “ general rules of agency”. (Berkey v. Third Ave. Ry. Co., 244 N. Y. 84, 95.) In other words, whenever anyone uses control of the corporation to further his own rather than the corporation’s business, he will be liable for the corporation’s acts “ upon the principle of respondeat stiperior applicable even where the agent is a natural person ”. (Rapid Tr. Subway Constr. Co. v. City of New York, 259 N. Y. 472, 488.) Such liability, moreover, extends not only to the corporation’s commercial dealings (see, e.g., Natelson v. A. B. L. Holding Co., 260 N. Y. 233; Quaid v. Ratkowsky, 224 N. Y. 624; Luckenbach S. S. Co. v. Grace & Co., 267 F. 676, 681, cert. den. 254 U. S. 644; Weisser v. Mursam Shoe Corp., 127 F. 2d 344) but to its negligent acts as well. (See Berkey v. Third Ave. Ry. Co., 244 N. Y. 84, supra; Gerard v. Simpson, 252 App. Div. 340, mot. for lv. to app. den. 276 N. Y. 687; Mangan v. Terminal Transp. System, 247 App. Div. 853, mot. for lv. to app. den. 272 N. Y. 676.)
In the Mangan case (247 App. Div. 853, mot. for lv. to app. den. 272 N. Y. 676, supra), the plaintiff was injured as a result of the negligent operation of a cab owned and operated by one of four corporations affiliated with the defendant Terminal. Although the defendant was not a stockholder of any of the oper *418 ating companies, both the defendant and the operating companies were owned, for the most part, by the same parties. The defendant’s name (Terminal) was conspicuously displayed on the sides of all of the taxis used in the enterprise and, in point of fact, the defendant actually serviced, inspected, repaired and dispatched them. These facts were deemed to provide sufficient cause for piercing the corporate veil of the operating company — the nominal owner of the cab which injured the plaintiff — and holding the defendant liable. The operating companies were simply instrumentalities for carrying on the business of the defendant without imposing upon it financial and other liabilities incident to the actual ownership and operation of the cabs. (See, also, Callas v. Independent Taxi Owners Assn., 66 F. 2d 192 [D. C. Ct. App.], cert. den. 290 U. S. 669; Association of Independent Taxi Operators v. Kern, 178 Md. 252; P. & S. Taxi & Baggage Co. v. Cameron, 183 Okla. 226; cf. Black & White v. Love, 236 Ark. 529; Economy Cabs v. Kirkland, 127 Fla. 867, adhered to on rearg. 129 Fla. 309.)
In the case before us, the plaintiff has explicitly alleged that none of the corporations ‘ ‘ had a separate existence of their own” and, as indicated above, all are named as defendants. However, it is one thing to assert that a corporation is a fragment of a larger corporate combine which actually conducts the business. (See Berle, The Theory of Enterprise Entity, 47 Col. L. Rev. 343, 348-350.) It is quite another to claim that the corporation is a ‘ ‘ dummy ’ ’ for its individual stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends. (See African Metals Corp. v. Bullowa, 288 N. Y. 78, 85.) Either circumstance would justify treating the corporation as an agent and piercing the corporate veil to reach the principal but a different result would follow in each case. In the first, only a larger corporate entity would be held financially responsible (see, e.g., Mangan v. Terminal Transp. System, 247 App. Div. 853, mot. for lv. to app. den. 272 N. Y. 676, supra; Luckenbach S. S. Co. v. Grace & Co., 267 F. 2d 676, 881, cert. den. 254 U. S. 644, supra; cf. Gerard v. Simpson, 252 App. Div. 340, mot. for lv. to app. den. 276 N. Y. 687, supra) while, in the other, the stockholder would be personally liable. (See, e.g., Natelson v. A. B. L. Holding Co., 260 N. Y. 233, supra; Quaid v. Rat *419 kowsky, 224 N. Y. 624, supra; Weisser v. Mursam Shoe Corp., 127 F. 2d 344, supra.) Either the stockholder is conducting the business in his individual capacity or he is not. If he is, he will be liable; if he is not, then, it does not matter- — -insofar as his personal liability is concerned — that the enterprise is actually being carried on by a larger “ enterprise entity (See Berle, The Theory of Enterprise Entity, 47 Col. L. Rev. 343.)
At this stage in the present litigation, we are concerned only with the pleadings and, since CPLR 3014 permits causes of action to be stated “ alternatively or hypothetically ”, it is possible for the plaintiff to allege both theories as the basis for his demand for judgment. In ascertaining whether he has done so, we must consider the entire pleading, educing therefrom ‘ ‘ ‘ whatever can be implied from its statements by fair and reasonable intendment.’ ” (Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414; see, also, Kober v. Kober, 16 N Y 2d 191, 193-194; Dulberg v. Mock, 1 N Y 2d 54, 56.) Reading the complaint in this case most favorably and liberally, we do not believe that there can be gathered from its averments the allegations required to spell out a valid cause of action against the defendant Carlton.
The individual defendant is charged with having “ organized, managed, dominated and controlled ’ ’ a fragmented corporate entity but there are no allegations that he was conducting business in his individual capacity. Had the taxicab fleet been owned by a single corporation, it would be readily apparent that the plaintiff would face formidable barriers in attempting to establish personal liability on the part of the corporation’s stockholders. The fact that the fleet ownership has been deliberately split up among many corporations does not ease the plaintiff’s burden in that respect. The corporate form may not be disregarded merely because the assets of the corporation, together with the mandatory insurance coverage of the vehicle which struck the plaintiff, are insufficient to assure him the recovery sought. If Carlton were to be held individually liable on those facts alone, the decision would apply equally to the thousands of cabs which are owned by their individual drivers who conduct their businesses through corporations organized pursuant to section 401 of the Business Corporation Law and carry the minimum insurance required by subdivision 1 (par. [a]) of section 370 of the Vehicle and Traffic Law. These *420 taxi owner-operators are entitled to form such corporations (cf. Elenkrieg v. Siebrecht, 238 N. Y. 254), and we agree with the court at Special Term that, if the insurance coverage required by statute “is inadequate for the protection of the public, the remedy lies not with the courts but with the Legislature. ’ ’ It may very well be sound policy to require that certain corporations must take out liability insurance which will afford adequate compensation to their potential tort victims. However, the responsibility for imposing conditions on the privilege of incorporation has been committed by the Constitution to the Legislature (N. Y. Const., art. X, § 1) and it may not be fairly implied, from any statute, that the Legislature intended, without the slightest discussion or debate, to require of taxi corporations that they carry automobile liability insurance over and above that mandated by the Vehicle and Traffic Law.[2]
This is not to say that it is impossible for the plaintiff to state a valid cause of action against the defendant Carlton. However, the simple fact is that the plaintiff has just not done so here. While the complaint alleges that the separate corporations were undercapitalized and that their assets have been intermingled, it is barren of any “ sufficiently particular [ized] statements ” (CPLB 3013; see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.01 et seq., p. 30-142 et seq.) that the defendant Carlton and his associates are actually doing business in their individual capacities, shuttling their personal funds in and out of the corporations “ without regard to formality and to suit their immediate convenience.” (Weisser v. Mursam Shoe Corp., 127 P. 2d 344, 345, supra.) Such a “ perversion of the privilege to do business in a corporate form ” (Berkey v. Third Ave. Ry. Co., 244 N. Y. 84, 95, supra) would justify imposing personal liability on the individual stockholders. (See African Metals Corp. v. Bullowa, 288 N. Y. 78, supra.) Nothing of the sort has in fact been charged, and it cannot reasonably or logically be inferred from the happenstance that the business of Seon *421 Cab Corporation may actually be carried on by a larger corporate entity composed of many corporations which, under general principles of agency, would be liable to each other’s creditors in contract and in tort.[3]
In point of fact, the principle relied upon in the complaint to sustain the imposition of personal liability is not agency but fraud. Such a cause of action cannot withstand analysis. If it is not fraudulent for the owner-operator of a single cab corporation to take out only the minimum required liability insurance, the enterprise does not become either illicit or fraudulent merely because it consists of many such corporations. The plaintiff’s injuries are the same regardless of whether the cab which strikes him is owned by a single corporation or part of a fleet with ownership fragmented among many corporations. Whatever rights he may be able to assert against parties other than the registered owner of the vehicle come into being not because he has been defrauded but because, under the principle of respondeat superior, he is entitled to hold the whole enterprise responsible for the acts of its agents.
In sum, then, the complaint falls short of adequately stating a cause of action against the defendant Carlton in his individual capacity.
The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, the certified question answered in the negative and the order of the Supreme Court, Richmond County, reinstated, with leave to serve an amended complaint.

. The corporate owner of a garage is also included as a defendant.

. There is no merit to the contention that the ownership and operation of the taxi fleet “ constituted a breach of hack owners regulations as promulgated by [the] Police Department of the City of New York”. Those regulations are clearly applicable to individual owner-operators and fleet owners alike. They were not intended to prevent either incorporation of a single-vehicle taxi business or multiple incorporation of a taxi fleet.

. In his affidavit in opposition to the motion to dismiss, the plaintiff’s counsel claimed that corporate assets had been “milked out” of, and “siphoned off” from the enterprise. Quite apart from the fact that these allegations are far too vague and eonclusory, the charge is premature. If the plaintiff succeeds in his action and becomes a judgment creditor of the corporation, he may then sue and attempt to hold the individual defendants accountable for any dividends and property that were wrongfully distributed (Business Corporation Law, §§ 510, 719, 720).