OPINION OF THE COURT
Chief Judge Wachtler.
In this action to recover rents due and owing under a commercial lease, Special Term granted the individual defendants’ motion to strike their names as parties to the action. The Appellate Division unanimously affirmed. The issue presented on this appeal, here by leave of our court,[1] is whether the shareholders of a professional service corporation organized under article 15 of the Business Corporation Law may be held liable in their individual capacities for rents due under a lease naming only the professional service corporation as tenant.
Defendant Cohen, Stracher & Bloom, P. C., a professional service corporation engaged in the practice of law, whose sole officers, directors and shareholders are the individual defendants, entered into a lease agreement with plaintiff. The lease recited that it was between “we’re associates company * * * as *150 ‘Landlord’ and cohén, stracher & bloom, p.c. * * * as ‘Tenant’ It was signed in the name of the corporate defendant by one of the individual defendants.
The amended complaint alleged, in its first cause of action, that “Defendant CS & B failed to perform its obligations under the Lease, breached the terms thereof and defaulted thereunder, that defendant CS & B failed and refused to pay rent and additional rent in the sum of $13,333.69, as of June 1, 1983, although payment thereof was duly demanded”. The second cause of action repeated the allegations of the first, including the corporate defendant’s default, and further alleged: “By reason of the foregoing, [the individual] defendants Cohen, Stracher and Bloom are jointly, severally and personally liable to plaintiff in the sum of not less than $13,333.69”.
The individual defendants moved to have their names stricken as parties pursuant to CPLR 1003,[2] stating that the corporate defendant was the acknowledged tenant and that the demised premises “were occupied by the corporation and that at no time did any of the individuals act in any other capacity other than as officers and directors of the corporation”, which plaintiff never denied. Special Term granted the motion, and the Appellate Division affirmed, noting in essence that the Legislature, in enacting article 15 of the Business Corporation Law, did not intend to abrogate the traditional limited liability afforded corporate shareholders except as specifically provided in that article.
Plaintiff contends the statute should be liberally construed to apply to debts incurred ancillary to the rendering of professional services; that the rationale underlying the limitation of shareholder liability, i.e., the inability of shareholders to participate in the management of the corporation, does not apply to professional service corporations, which are run by their shareholders; and that affording limited liability to the shareholders of a legal professional services corporation would contravene the Code of Professional Responsibility. Finding none of these contentions meritorious, we affirm.
The only specific provision relating to shareholder liability in article 15 of the Business Corporation Law (the article permitting the formation of domestic professional service corporations) *151 is section 1505 (a), which states: “Each shareholder, employee or agent of a professional service corporation shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation.”
The Appellate Division in this case properly interpreted this section to preclude the imposition of personal shareholder liability in instances not involving the direct rendition of professional services. A principal attribute of, and in many cases the major reason for, the corporate form of business association is the elimination of personal shareholder liability (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163, rearg denied 52 NY2d 829; Rapid Tr. Subway Constr. Co. v City of New York, 259 NY 472, 487-488; 13A Fletcher, Cyclopedia of Corporations § 6213, at 16-17 [1984 Perm ed]). Business Corporation Law § 1513 provides that all articles of the Business Corporation Law apply to domestic professional service corporations, except those articles regulating foreign corporations and foreign professional service corporations, unless there is a specific contrary provision in article 15. The general rule, set forth in the authorities cited above and in Business Corporation Law § 628, is that shareholders are not personally liable for corporate debts {see also, 13A Fletcher, Cyclopedia of Corporations § 6213, at 16 [1984 Perm ed]). Accordingly, there is no basis for extending the limited liability imposed by Business Corporation Law § 1505 (a) to situations not unambiguously covered by that provision.
The plain words of the statute, imposing personal liability only in connection with the rendition of professional services on behalf of the professional service corporation, cannot be defeated by a liberal construction which would include ordinary business debts within the definition of professional services. Words of ordinary import in a statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended (Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd., 51 NY2d 506, 511; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232). Especially is this so in the present case where strict, not liberal, construction is required because the statute carves out a limited exception to a rule of broad and general application and imposes liability unknown at common law {see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a], [c]). The available legislative history and commentary on article 15 and section 1505 (a) support this interpretation (Memorandum of Senator Gioffre, 1970 NY Legis Ann, at *152 130; Rotgin, The Professional Corporation for Lawyers, 52 NY State Bar J 634; McDonald, Business Associations — 1970 Survey of NY Law, 22 Syracuse L Rev 249, 252).
The foregoing analysis also disposes of plaintiff’s second contention, that the inability of the shareholders to participate in management is not a characteristic of professional service corporations. Plaintiff cites South High Dev. v Weiner, Lippe & Cromley Co. L.P.A. (4 Ohio St 3d 1, 445 NE2d 1106), in which, under similar circumstances to the case at bar, individual shareholders of an incorporated law firm were held in as parties to an action to recover rents allegedly due under a lease executed solely by the corporate entity as tenant. However, the court’s decision in that case was premised on a court rule which specifically provided: “The participation by an individual as a shareholder of a legal professional association shall be on the condition that such individual shall, and by such participation does, guarantee the financial responsibility of the association for its breach of any duty, whether or not arising from the attorney-client relationship.” (Sup Ct Rules for Govt of Bar of Ohio § 4, Gov R III; emphasis added). That rule is diametrically opposed to Business Corporation Law § 1505 (a).
The contrary Ohio rule notwithstanding, the rationale that shareholders of a professional service corporation should be held personally liable for ordinary business debts of the corporation because they are “closer” to the management of such corporation than are shareholders of an ordinary business corporation has not prevailed in our State over the general policy of allowing corporations to be formed for the express purpose of limiting liability. Even single-person businesses are allowed to incorporate, and, so long as no fraud is committed and the corporate form is respected, no individual liability will result (Walkovszky v Carlton, 18 NY2d 414, 419-420; Elenkrieg v Siebrecht, 238 NY 254, 262; 1 O’Neal, Close Corporations § 1.05). If shareholders of a conventional business corporation may enjoy limited liability under such circumstances, so may those of a professional service corporation except as limited by Business Corporation Law § 1505 (a).
The Code of Professional Responsibility provides no basis for the imposition of personal liability in this case. Plaintiff does not suggest, and indeed no authority has been brought to our attention which has held, that an attorney may be held personally liable for the debts of any business corporation of which he is a shareholder simply because he is an attorney and is thus subject to the strictures of the code.
*153 In light of our holding, based on what we discern to be the clear command of New York law, it is unnecessary to determine whether the Federal tax laws would have precluded our reaching a contrary conclusion. True, one of the motivating forces behind the passage of article 15 of the Business Corporation Law was to “make available * * * Federal tax benefits now accorded to executives and employees in all other business endeavors” (Memorandum of Approval of Governor Rockefeller, 1970 McKinney’s Session Laws of NY, at 3135). However, the provisions of article 15 are clear and do not themselves require any change in their application should the Federal taxing authorities or courts find they do not accomplish their stated purpose. Thus, for purposes of this appeal, what the Federal tax laws require of a professional service corporation in order to enjoy the tax advantages for which they are created is irrelevant.
Our decision should work no injustice on those who enter into leases or any other contracts with professional service corporations, who are free to seek the personal assurances of the shareholders that the commitments of the professional service corporation will be honored. Nor do we intend to countenance any abuse of the corporate form of doing business, which, if present in a future case, could compel a different result (cf. Walkovszky v Carlton, supra). What we do hold is that, absent any showing of such abuse, the shareholders of a professional service corporation cannot be held personally liable for an ordinary business debt of the corporation. Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order affirmed, with costs.

. The order from which our permission to appeal was sought is final as to the individual defendants, and therefore the appeal is properly before us, because the action was finally determined as to them, and because they are separate and distinct entities from the corporate defendant (see, Cohen and Karger, Powers of the New York Court of Appeals § 20 [rev ed]; compare, Hart v Sullivan, 84 AD2d 865, mot to dismiss appeal granted in part 55 NY2d 875, affd 55 NY2d 1011 [order dismissing complaint against coemployees in managerial capacities but allowing action to continue against them in individual capacities is nonfinal]).

. CPLR 1003 provides in pertinent part: “Misjoinder of parties is not a ground for dismissal of an action. Parties may be added or dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just. The court may order any claim against a party severed and proceeded with separately.”