### WANG LABORATORIES, INC., Plaintiff,

v.

### DATAWORD CORPORATION and Jeffrey Schmones, Defendant.

#### No. 87 Civ. 3291 (RWS).

United States District Court, S.D. New York.

Feb. 10, 1988.

Owen & Davis, New York City, for plaintiff; Douglas R. Maag, of counsel.

Bloch Graff Danzig & Jelline, New York City, for defendant; Howard Graff, Neal S. Barlia, of counsel.

### OPINION

SWEET, District Judge.

Defendant Jeffrey Schmones ("Schmones") has moved under Rule 12(b)(6) to dismiss the fifth claim of plaintiff Wang Laboratories, Inc. ("Wang") which seeks to attribute any liability of defendant Dataword Corporation ("Dataword") to Schmones. For the reasons set forth below, the motion is denied.

*The Complaint*

Wang has alleged damages in this diversity action against Dataword and Schmones arising out of computer equipment supplied by Wang to Dataword which, as a value added reseller, was authorized by Wang to purchase computer hardware at a discount and to resell such hardware after adding software of its own creation. In 1982 at the time of Dataword's formation, following a course of dealing with Dataword's predecessor which had commenced in 1977, Wang demanded and received a personal guarantee from Schmones. According to Wang, the defendants owe more than

$280,000 for equipment received and not paid for.

The fifth claim seeks to pierce the corporate veil of Dataword and hold Schmones personally liable for the debts of Dataword. Wang's allegations in this regard are:

38. Upon information and belief, Dataword is now a defunct entity and has been stripped of all of its assets.

39. Upon information and belief, Dataword's assets have been appropriated for Mr. Schmones' personal use.

40. Alternatively, upon information and belief, Dataword's assets have been used by Mr. Schmones to create a new computer businesses.

41. Dataword has been behind in payments owed to Wang substantially since Dataword's inception.

42. Upon information and belief, Dataword was never adequately capitalized to engage in the business for which it was ostensibly incorporated, including the purchase of computer equipment for resale.

43. As noted above, in October 1982 Mr. Jeffrey Schmones personally guaranteed payment of the entire debt owed from Schmones Associates and Dataword to Wang.

44. The preceding facts and circumstances indicated that Mr. Schmones conducted the business of Dataword in disregard of Dataword's corporate existence.

45. In light of Mr. Schmones's disregard for Dataword's corporate existence, an adherence to the fiction of Dataword's separate corporate existence would work an injustice or promote a fraud upon Wang.

46. Mr. Schmones is personally responsible for all of Dataword's indebtedness to Wang.

### The Rule 12(b)6 Standard

The allegations in the complaint are to be construed favorably to Wang. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). As the Supreme Court held in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." In addition, for the purposes of this motion to dismiss, all of Wang's allegations set forth above are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed. 2d 1030 (1964). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. at 236, 94 S.Ct. at 1686.

Under the New York authorities, the corporation will not be disregarded unless there is fraud, illegality akin to fraud, or the use of the corporation primarily for personal business. *See Bartle v. Home Owners Cooperative*, 309 N.Y. 103, 106, 127 N.E.2d 832 (1955); *see also Cone v. Acme Markets, Inc.*, 41 A.D.2d 409, 343 N.Y.S.2d 765, 768 (4th Dept.1973); *Guptill Holding Corp. v. New York*, 33 A.D.2d 362, 307 N.Y.S.2d 970, 972 (3d Dept.1970). In *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir.1979) the Second Circuit described the strictly limited circumstances when courts could disregard the corporate form:

> Because New York courts disregard corporate form reluctantly, they do so only when the form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation (usually a parent corporation), and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego.

In *Gartner*, the Court held that although the corporation was dominated by its sole shareholder who did not maintain separate books and records and who, on one occasion, used corporate funds to pay for the care of a privately owned horse, the shareholder could not be held personally liable for the corporation's breach of contract to sell real estate. *Id.* at 587. There, the shareholder controlled a group of corporations that acted as one in development projects, and the Court noted that it might be appropriate to disregard the single cor-

**112**

poration's form and hold the shareholder's larger corporate combine liable for the breach. *Id.* at 588.

Wang's complaint alleges that Schmones conducted the business of Dataword in disregard of its corporate existence, that Schmones personally guaranteed the entire debt owed to Wang by his corporation, that Dataword was never adequately capitalized, and that Schmones has appropriated Dataword's assets for his personal use and to create new computer businesses. These allegations barely meet the test of *Walkovszky v. Carlton*, 18 N.Y.2d 414, 276 N.Y.S.2d 585, 223 N.E.2d 6 (1966). There the Court dismissed the complaint because it was:

> barren of any "sufficiently particular[ized] statements" [citations omitted] that the defendant Carlton and his associates are actually doing business in their individual capacities, shuttling their personal funds in and out of the corporation "without regard to formality and to suit their immediate convenience."

*Walkovsky v. Carlton*, 276 N.Y.S.2d at 590, 223 N.E.2d at 10. Accordingly, Dataword's claim that Wang has failed to plead fraud with particularity is not dispositive of this motion. The bald personal use allegations here are sufficient for federal pleading purposes.

Whether or not Wang's conclusory allegations could withstand an attack by summary judgment, they are adequate for pleading purposes. Whether the facts are adequate to support the personal use claim can be left for another day. Asset stripping and corporate collapse standing alone may well be inadequate for Wang's purpose.

At this stage, however, the motion to dismiss the fifth claim is denied.

IT IS SO ORDERED.