■ 29/35 REALTY ASSOCIATES, Appellant, v 35TH STREET NEW YORK YARN CENTER, INC., et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered March 8, 1991, which, *inter alia,* granted the motion of defendant Melinda Marinoff to dismiss the third cause of action in the complaint, is unanimously reversed, on the law, to the extent of reinstating the third cause of action, without costs.

Plaintiff-landlord is suing for back rent and attorneys' fees. Commercial space in Manhattan was leased by plaintiff to defendant 35th Street New York Yarn Center, Inc. ("35th Street"). Defendant New York Yarn Center, Inc. ("Yarn Center") signed the lease as a guarantor. Defendant Melinda Marinoff is the president and sole shareholder of both 35th Street and the Yarn Center.

Marinoff moved to dismiss the complaint for failure to state a cause of action against her individually. Therein Marinoff denied being either a signatory or a guarantor of the lease (which plaintiff never alleged) and challenged the allegations of fraud set forth in the third cause of action as being insufficiently pleaded.

The third cause of action states in pertinent part:

"22. Upon information and belief, [defendants] 35th Street and [Yarn] Center have no existence of their own, but, rather are mere instrumentalities, agents and alter egos of [defendant] Marinoff.

"23. Upon information and belief, Marinoff has employed the corporate forms of [Yarn] Center and 35th Street to work a fraud upon [plaintiff] Associates which will result in the unjust enrichment of all defendants at Associates' expense unless such forms are disregarded.

"24. Upon information and belief, if the corporate forms of 35th Street and [Yarn] Center are not disregarded, an unjust and inequitable loss would result to Associates.

"25. By reason of the foregoing, Marinoff is liable to Associates".

Plaintiff opposed the motion by contending, *inter alia,* that the basis of the third cause of action was "not fraud, but contract, coupled with the request that [the IAS] court pierce the corporate veil and hold Marinoff individually accountable for the debts of her corporations."

The IAS court held that the third cause of action sounded exclusively in fraud and was insufficiently pleaded because the necessary elements of fraud were not alleged. Consequently, the motion to dismiss the complaint against Marinoff was granted. This appeal followed.

Viewing the complaint liberally and in the light most favorable to the plaintiff *(Cohn v Lionel Corp.,* 21 NY2d 559, 560 [1968]; *Walkovszky v Carlton,* 18 NY2d 414, 419 [1966]), we find that the third cause of action is not exclusively for fraud and that a cause of action is stated. Clearly, within the four corners of this complaint a cognizable action for piercing the corporate veil and assigning personal liability to Marinoff has been stated *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). Plaintiff has unequivocally asserted that 35th Street and the Yarn Center were "mere instrumentalities, agents and alter egos of Marinoff" and that if these corporate forms are "not disregarded, an unjust and inequitable loss would result to [plaintiff]." The fraud alleged in the complaint pertains to Marinoff's purported effort to use these corporations in her personal capacity for purely personal rather than corporate ends and, thereby, escape liability for the rent due plaintiff. *(See, Walkovszky v Carlton, supra,* at 418.)

Accordingly, the third cause of action is reinstated. Concur —Murphy, P. J., Ellerin, Wallach and Smith, JJ.