OPINION OF THE COURT
Barbara R. Kapnick, J.
While plaintiff Marina Bosi Goldberg, a resident of Califor *669 nia, was a pedestrian on the sidewalk in front of the New York Hilton on Sixth Avenue between 53rd and 54th Streets in Manhattan on October 10, 1993, she was hit and severely injured by a taxicab which jumped the curb while attempting to exit the New York Hilton’s driveway.
Plaintiffs then commenced this personal injury action against the following defendants: (a) The Hilton Hotels Corporation (Hilton); (b) Azad Kabir, also known as Kabir Azad, the driver of the subject taxicab; (c) Lee Express Cab Corporation (Lee Express), the corporate owner of the taxicab; (d) Natan More, also known as Nathan More, the sole owner and shareholder of Lee Express Cab Corporation; and (e) 16 other corporations (the Taxi Corporations) owned and operated solely by Natan More.
Defendants More and the Taxi Corporations now move pursuant to CPLR 3211 to dismiss plaintiffs’ complaint on the grounds that it fails to state a cause of action against them as they have no connection to the accident. While defendant More does not dispute that he is the sole shareholder of the 16 Taxi Corporations as well as of Lee Express, he argues that each of the Taxi Corporations is maintained as a separate corporate entity, and thus neither he as an individual nor the separate Taxi Corporations may be held liable for plaintiff’s accident.
Plaintiffs and codefendant Hilton oppose the instant motion on the grounds that the complaint does set forth a viable cause of action which may warrant the piercing of the corporate veils of Lee Express and the other 16 Taxi Corporations. (See, e.g., Mangan v Terminal Transp. Sys., 247 App Div 853 [3d Dept 1936].)
The issues raised by the instant motion were addressed by the Court of Appeals almost 30 years ago in the landmark case of Walkovszky v Carlton (18 NY2d 414 [1966]). The plaintiff in that case was allegedly injured when he was run down by a taxicab owned by the Seon Cab Corporation. The action was commenced not only against the Seon Cab Corporation, but also against its stockholder, William Carlton, who was allegedly also a stockholder of 10 additional corporations.* Plaintiff sought to pierce the corporate veil on the grounds that the *670 corporations were allegedly " 'operated * * * as a single entity, unit and enterprise’ with regard to financing, supplies, repairs, employees and garaging” (Walkovszky v Carlton, supra, at 416). Defendant Carlton moved to dismiss the complaint as to him on the ground that it failed to state a cause of action.
The Court of Appeals found that although "[t]he law permits the incorporation of a business for the very purpose of enabling its proprietors to escape personal liability * * * the privilege is not without its limits.” (Supra, at 417.) "Broadly speaking, the courts will disregard the corporate form, or to use accepted terminology, 'pierce the corporate veil’, whenever necessary 'to prevent fraud or to achieve equity.’ ” (Supra.) The Court went on to state that "[h]ad the taxicab fleet been owned by a single corporation, it would be readily apparent that the plaintiff would face formidable barriers in attempting to establish personal liability on the part of the corporation’s stockholders. The fact that the fleet ownership has been deliberately split among many corporations does not ease the plaintiff’s burden in that respect. The corporate form may not be disregarded merely because the assets of the corporation, together with the mandatory insurance coverage of the vehicle which struck the plaintiff, are insufficient to assure him the recovery sought.” (Walkovszky v Carlton, supra, at 419.)
Finding the complaint to be "barren of any 'sufficiently particularized] statements’ * * * that the defendant Carlton and his associates are actually doing business in their individual capacities, shuttling their personal funds in and out of the corporations 'without regard to formality and to suit their immediate convenience’ ”, the Court of Appeals dismissed the complaint against the individual defendant. (Walkovszky v Carlton, supra, at 420 [citations omitted].)
In contrast to the complaint in Walkovszky (supra), however, plaintiffs’ complaint in this action sets forth, upon information and belief, the following specific allegations: "the defendant More individually operated all of the corporations; interchanged and commingled the receipts, disbursements, assets and properties of the said corporations as their own; purchased centrally all supplies, automobile parts, oil, gas and tires for all of the said corporations; acted as dispatchers to assign drivers to all of the taxicabs; the said taxicabs are registered in the names of the individual corporations; were garaged centrally; and all other operations and properties of all of the said *671 corporations were operated, controlled, managed and maintained as a single entity, unit and enterprise by the defendant more.” Plaintiffs’ complaint further alleges that "the corporations were mere shams and fictions; the instruments and agents of the defendant more, and each of them, in that none of the corporations had a separate existence of their own, and their existence served no other purpose than to enable the defendant more to defraud the public, including the plaintiff.”
It is well settled that in determining a motion to dismiss, a court must view the complaint "liberally and in the light most favorable to the plaintiff”. (29/35 Realty Assocs. v 35th St. N. Y. Yarn Ctr., 181 AD2d 540, 541 [1st Dept 1992].) In viewing plaintiffs’ complaint in that light, this court finds that plaintiffs have set forth "a cognizable action for piercing the corporate veil[s] and assigning personal liability” to defendant More in this action. (29/ 35 Realty Assocs. v 35th St. N. Y. Yarn Ctr., supra, at 541; see also, Dannasch v Bifulco, 184 AD2d 415 [1st Dept 1992]; Sequa Corp. v Christopher, 176 AD2d 498 [1st Dept 1991].) Of course, whether or not plaintiffs are ultimately able to set forth sufficient proof to sustain these claims is another question, which is not before this court for determination at this time.
Accordingly, this court finds that the motion by defendants More and the Taxi Corporations to dismiss plaintiffs’ complaint pursuant to CPLR 3211 must be denied. Defendants shall serve their answers within 20 days of service of a copy of this order with notice of entry.

 Writing for the majority, Judge Fuld observed the existence of "what appears to be a rather common practice in the taxicab industry of vesting the ownership of a taxi fleet in many corporations, each owning only one or two cabs.” (Walkovszky v Carlton, supra, at 416.) This court has conferenced over 1,500 motor vehicle actions over the last four months, many of which involve taxicab corporations, and notes that this method of conducting business remains a common practice in the taxicab industry to this day.