Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Son Ltd. (2019 NY Slip Op 00967)





Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Son Ltd.


2019 NY Slip Op 00967


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8344 650082/17

[*1]Art Capital Bermuda Ltd., et al., Plaintiffs-Appellants,
v
The Bank of N.T. Butterfield & Son Limited, Defendant-Respondent.
The Bank of N.T. Butterfield & Son Limited, Counterclaim Plaintiff-Respondent,
v
Ian S. Peck, et al., Counterclaim Defendants-Appellants.


Peter M. Levine, New York, for appellants.
Tarter Krinsky & Drogin LLP, New York (Joel H. Rosner and Charles M. Miller of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about May 17, 2018, which, to the extent appealed from as limited by the briefs, denied counterclaim defendants' motion to dismiss the counterclaims as against Ian S. Peck pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, without costs, and the motion granted, without prejudice.
Counterclaim plaintiff (the Bank) seeks to pierce the corporate veils of counterclaim defendants Art Capital Bermuda Ltd. and Bluefin Servicing Ltd. to hold counterclaim defendant Peck, a director of the companies, liable in his individual capacity for the companies' alleged breaches of contract.
The Bank's allegations are inadequate to warrant piercing the corporate veils.
The Bank does not allege particularized facts showing that Peck did business in his individual capacity, shuttling his personal funds in and out of Art Capital and Bluefin without regard to formality and to suit his immediate convenience (see Walkovszky v Carlton, 18 NY2d 414, 420 [1966]. The closest the Bank comes to alleging particularized facts is with respect to commingling: it alleges that Peck, through Art Capital and Bluefin, directed a borrower to repay money not to Art Capital (the lender) or Bluefin (the servicer of the loan), but to other Peck-controlled companies. However, while this might provide a basis for the Bank to sue the Peck-controlled companies, it does not warrant piercing Art Capital's and Bluefin's corporate veils to reach Peck (see Walkovszky, 18 NY2d 418-419 [distinguishing between piercing corporate veil to reach another corporation and piercing corporate veil to reach an individual]). Nor does the Bank plead abuse of the corporate privilege by alleging that Art Capital and Bluefin were "created for an improper purpose" or engaged in illegitimate business (Joseph Kali Corp. v A. Goldner, Inc., 49 AD3d 397, 399 [1st Dept 2008]).
The Bank repeatedly alleges that Peck caused Art Capital and Bluefin to breach their contractual obligations in bad faith. However, this allegation is insufficient (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]).
The fact that Art Capital and Bluefin might not have sufficient assets to satisfy the judgment that the Bank might obtain against them does not warrant piercing the corporate veil (see e.g. Walkovszky, 18 NY2d at 419).
The fact that the Bank had not had discovery at the time of the motion does not excuse its failure to plead more than conclusory allegations (see e.g. East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 128-129 [2d Dept 2009], affd 16 NY3d 775 [2011]). However, the Bank claims that discovery following the denial of counterclaim defendants' motion has revealed facts supporting its veil-piercing claims against Peck. Therefore, our dismissal is without prejudice, so that the Bank — if so advised — can make a properly supported motion for leave to amend (see CPLR 3025[b]).
Contrary to the motion court, we do not find that counterclaim defendants violated Commercial Division Rule 17; their reply brief merely elaborated on arguments they had already made in their opening brief (see DiGregorio v MTA Metro-N. R.R., 140 AD3d 530, 531 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK