■ BLOOMING GROVE ASSOCIATES, INC., Respondent, v EDMUNDS LANE DEVELOPMENT CORP. et al., Defendants, and ROUTE 59 ASSOCIATES, INC., Appellant.—In an action to foreclose a purchase-money mortgage on real property, defendant Route 59 Associates, Inc., a junior lienor, appeals from a judgment of the Supreme Court, Orange County, dated November 17, 1975, which, after a nonjury trial, *inter alia,* vacated a stay imposed on the foreclosure and sale, fixed the outstanding principal amount due plaintiff on the mortgage and ordered that the subject premises be sold at public auction in one parcel. Pursuant to CPLR 5501 (subd [a], par 1) the appeal also brings up for review an order of the same court, dated July 24, 1975, which (1) granted plaintiff's application for summary judgment, (2) directed a trial of certain claims, including that of the appellant, and (3) stayed the entry of judgment pending such trial. Judgment reversed, on the law, without costs or disbursements, and action remanded to Special Term for a new trial to compute the outstanding principal amount due plaintiff on the mortgage. No questions of fact have been considered. Order affirmed, without costs or disbursements. Plaintiff commenced this foreclosure action, joining appellant and other junior lienors as parties defendant, on the ground that the defendant mortgagor had defaulted in the terms of the mortgage by failing in the payment of property taxes for more than 30 days after due notice and demand. Accordingly, based upon an election to accelerate, the complaint declared the entire principal balance of $558,500, plus interest, immediately due and payable. Appellant interposed the affirmative defense that plaintiff was not entitled to recover the sum alleged in its complaint because it had failed to make certain improvements to the subject premises pursuant to the contract of sale. Under the terms of the contract, in the event that plaintiff did not make those improvements, defendant Edmunds Lane Development Corp. had the option of doing the work at its own cost, with a corresponding reduction in the principal amount of the mortgage. In seeking summary judgment, plaintiff asserted that no triable issues of fact had been presented with respect to its right to a judgment of foreclosure and sale. As for the amount of the outstanding mortgage obligation, it conceded that it had not made all improvements pursuant to the contract of sale, but added that this was due to Edmunds

Lane's default in its obligation to obtain the requisite approvals from the appropriate town authorities and to provide plaintiff with written notification to commence work. Plaintiff submitted an affidavit, based on figures derived from town officials, estimating the cost of the work to be done at $73,818, and agreeing to a reduction in the principal balance of the mortgage by that amount. Special Term awarded summary judgment to plaintiff, but stayed its enforcement pending a trial of the claims raised by appellant and others. At the trial those claims were treated as offsets to the amount due plaintiff and appellant was required to come forward with proof to counter the figures contained in plaintiff's affidavit. The adoption of this procedure improperly allowed plaintiff to meet its burden of proving the amount of the outstanding indebtedness by resort to the hearsay document submitted with its motion papers (cf. *Umansky v Seaboard Ind.,* 45 AD2d 1051). At the new trial, plaintiff will be required to present competent testimony concerning the incompleted improvements and appellant is to be accorded full rights of cross-examination. We have examined appellant's other contentions relative to the wording of the order and the manner of sale of the subject premises and find them to be without merit. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.