■ Pat D. Coviello et al., Respondents, v Dennis J. Garofalo et al., Appellants, et al., Defendants.—In an action to foreclose a mortgage, the defendants Dennis J. Garofalo and Kathleen Garofalo appeal from an order of the Supreme Court, Orange County (Benson, J.), dated August 20, 1984, which, inter alia, granted the plaintiffs' motion for summary judgment, struck their answer and dismissed each of their affirmative defenses and counterclaims.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the plaintiffs' motion which was to strike the third counterclaim and substituting therefor a provision denying that branch of the motion, and as

so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a prompt trial on the issue raised in the defendants Garofalos' third counterclaim, and it is further

Ordered that the enforcement of any judgment of foreclosure and sale to be entered upon the order of the Supreme Court, Orange County, dated August 20, 1984, is stayed pending determination of the Garofalos' third counterclaim and upon the further condition that the Garofalos, if they have not already done so, deposit with the Supreme Court, Orange County, all regular monthly installment payments (and not the accelerated amount) due and owing to date, within 30 days after service upon them of a copy of this decision and order, with notice of entry, and to thereafter deposit with the court, on a monthly basis, such installment payments on their due dates, as so provided in the mortgage note, pending determination of their third counterclaim and, if necessary, the entry of a judgment of foreclosure and sale (see, Umansky v Seaboard Indus., 45 AD2d 1051; Blooming Grove Assoc. v Edmunds Lane Dev. Corp., 52 AD2d 614).

We agree with Special Term that the defendants Garofalos have failed to raise any triable issue of fact with respect to the validity of the mortgage and note held by the plaintiffs. Accordingly, Special Term properly granted that branch of the plaintiffs' motion which, inter alia, was for summary judgment and to strike the first and second "Distinct Affirmative and Complete Set Off[s], Counter Claim[s], and Defense[s]", as set forth in the appellants' answer.

However, the third counterclaim, involving a claim for alleged defects in the construction of the mortgaged premises, is properly interposed, and a trial of said counterclaim is required to ascertain whether any damages resulting therefrom may be offset as against the amount due the plaintiffs. While the construction agreement, which is the basis for the Garofalos' third counterclaim, is with a corporation known as Woodbury Homes, Inc., the two individually named plaintiffs were officers and principals of the corporation. Whether the plaintiffs, as individuals, would be liable for the alleged defects in the construction of the defendants Garofalos' home is a question to be determined by the trial court (see, e.g., Walkovszky v Carlton, 18 NY2d 414, 417; Herman v Siegmund, 102 AD2d 810). This counterclaim should be promptly tried, and the enforcement of any judgment of foreclosure and sale is stayed pending the trial and determination thereof on condition that the Garofalos deposit with the Supreme Court,

Orange County, all regular monthly installment payments due and owing to date, and to thereafter deposit with the court, on a monthly basis, such installment payments, on their due dates, as so provided in the mortgage note. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.